## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

○

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-4783 CAS (JWJx) | | Date | November 26, 2007 |
|---|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Wayne Hammack<br>Rena Stone<br>Vivian Vo | Elizabeth Ellis<br>Joseph Tabrisky |
| | <u>Attorneys Present for Defendant/<br>Third-Party Defendant</u> |
| | Juan Basombrio |

**Proceedings:**   **Plaintiff Underwriters' Motion to Dismiss Defendant Pyfrom's Counterclaims** (filed October 9, 2007)

**Third-party Defendant Collins' Motion to Dismiss Pyfrom's Third-party Complaint** (filed October 15, 2007)

**Plaintiff Underwriters' Motion to Dismiss Defendant Austin & Austin's Counterclaims** (filed October 4, 2007)

**Third-party and Counterclaim Defendant Collins' Motion to Dismiss Defendant and Counterclaimant Austin & Austin's Amended Counterclaim** (filed October 15, 2007)

## I.   INTRODUCTION AND BACKGROUND

On August 1, 2006, plaintiffs, who are certain underwriters at Lloyd's of London ("Underwriters"), filed a complaint for injunctive relief, damages, and a declaration of nullity or rescission against defendants Real Estate Professionals Insurance Company ("REPICO"), Don Gail ("Gail"), Pacific Real Estate Association DE, Inc. ("PREA"), and Austin & Austin Insurance Services, Inc. ("Austin & Austin").  On September 14, 2006, Underwriters filed a First Amended Complaint, adding defendant Gregory Pyfrom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

("Pyfrom"). Underwriters allege eight claims for relief: (1) violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(a) ("RICO"); (2) violation of RICO, 18 U.S.C. § 1962(c); (3) violation of RICO, 18 U.S.C. § 1962(d); (4) fraud; (5) negligent misrepresentation; (6) conspiracy to defraud; (7) declaratory relief regarding the nullity of a reinsurance company or alternatively, rescission of the contract; and (8) violation of the Liability Risk Retention Act ("LRRA"), 15 U.S.C. §§ 3901 et seq.

On January 8, 2007, the Court granted in part and denied in part defendants' motion to dismiss the First Amended Complaint. The Court dismissed plaintiffs' RICO claims, but granted plaintiff leave to file a RICO case statement and amended claims. Additionally, the Court denied defendants' motions to dismiss the fraud, conspiracy to defraud and negligent misrepresentation claims. The Court granted Pyfrom's motion to dismiss plaintiff's seventh claim for declaratory relief with regard to the reinsurance contract. The Court also granted the motions of Pyform and Austin & Austin to dismiss the claims for violations of the LLRA, but denied the motion as to defendants REPICO, PREA, and Gail without prejudice to its being renewed upon motion for summary judgment. On January 29, 2007, plaintiffs filed a RICO case statement.

On February 5, 2007, the Court granted defendants' ex parte application for an immediate stay of the entire action for 60 days due to the death of defendant Donald Gail. On March 12, 2007, the Court directed plaintiff to file a second amended complaint on or before April 12, 2007.[1] On April 12, 2007, Underwriters filed the operative Second Amended Complaint ("SAC"), adding as defendants: the Estate of Donald Gail, the testate and intestate successors of Donald Gail, and all persons claiming by, through or under such decedent, and Melinda Gail, individually, as executor to the estate of Donald Gail.

On July 9, 2007, the Court granted defendants' motions to dismiss Underwriters' claim for damages resulting from lost profits for violation of RICO, but denied the motion to dismiss with respect to the remaining claims for damages resulting from RICO violations. The Court also granted Austin & Austin's motion to dismiss Underwriters' eighth claim for declaratory relief and plaintiff's ninth claim for violation of the LLRA.

---

[1] Order erroneously requires Underwriters to file the "First Amended Complaint," as opposed to the Second Amended Complaint on or before April 12, 2007.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

The Court further granted Melinda Gail's motion to dismiss the SAC against her as an individual.  Finally, the Court also dismissed Underwriters' fraudulent transfer claim against the Estate of Don Gail.

On August 29, 2007, Pyfrom filed a third-party complaint against third-party defendant John B. Collins Associates, Inc. ("Collins").  On September 19, 2007, Pyfrom filed a first amended third-party complaint against Collins.  Therein, Pyfrom alleges the following claims for: (1) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) tortious interference with prospective economic advantage; (3) fraud/intentional misrepresentation; (4) negligent misrepresentation; (5) equitable or implied indemnity; (6) negligence; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; and (9) conspiracy.

On August 31, 2007, Austin & Austin filed counterclaims against Underwriters and Collins.  On September 5, 2007, Austin & Austin filed amended counterclaims against Underwriters and third-party defendant Collins.  Austin & Austin alleges the following counterclaims against both Underwriters and Collins: (1) conspiracy; (2) intentional misrepresentation; (3) negligent misrepresentation; and (4) negligence.  Austin & Austin alleges the following counterclaims against Underwriters only: (1) intentional interference with economic relationship; (2) negligent interference with economic relationship; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) trade libel; and (6) defamation.  Austin & Austin alleges the following counterclaims against Collins only: (1) apportionment of fault; (2) declaratory relief; and (3) equitable indemnity.

On September 19, 2007, Pyfrom filed his first amended counterclaim against Underwriters and Catlin Syndicate SJ2003 ("Catlin").  Pyfrom alleges the following counterclaims therein: (1) violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) tortious interference with prospective economic advantage; (3) fraud/intentional misrepresentation; (4) negligent misrepresentation; (5) equitable or implied indemnity; (6) negligence; (7) negligent infliction of emotional distress; (8) intentional infliction of emotional distress; (9) conspiracy; and (10) defamation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

On October 4, 2007, Underwriters filed the instant motion to dismiss Austin & Austin's first amended counterclaims, and a request for judicial notice therewith.[2] Austin & Austin filed an opposition thereto on October 31, 2007. On November 7, 2007, Underwriters filed a reply to Austin & Austin's opposition.

On October 9, 2007, Underwriters filed the instant motion to dismiss Pyfrom's first amended counterclaims, and a request for judicial notice therewith. On October 15, 2007, third-party defendant Collins filed its motion to dismiss Pyfrom's third-party complaint. Pyfrom filed a consolidated opposition thereto on November 1, 2007, and a request for judicial notice therewith. On November 7, 2007, Underwriters filed a reply to Pyfrom's opposition. On November 19, 2007, Collins filed its reply to Pyfrom's consolidated opposition.

On October 15, 2007, counterclaim defendant Collins, filed a motion to dismiss, or alternatively to strike, Austin & Austin's first amended counterclaims. Austin & Austin filed an opposition thereto on November 9, 2007. Collins filed its reply on November 19, 2007. A hearing was held on November 26, 2007. After carefully considering the parties' arguments, the Court concludes as follows.

## II.    BACKGROUND

By the present action, Underwriters seek to rescind insurance policies issued on their behalf by defendants on the ground that such policies of insurance were not authorized by them. Underwriters allege that each defendant played a role in fraudulently issuing the insurance policies here at issue. SAC ¶ 14. According to Underwriters, REPICO is or purports to be a "risk retention group" which, through its agents Gail, Austin & Austin, PREA, Pyfrom and Doe defendants "issu[ed] fraudulent insurance policies to hundreds of real estate brokers in California." Id. ¶¶ 5, 14.

Specifically, Underwriters contend that Gail and Pyfrom marketed a program to Underwriters wherein Underwriters would reinsure REPICO, a purported risk management group. Id. ¶ 15. According to Underwriters, meetings were held where defendants represented, orally and in writing, that REPICO would "issue primary errors

_____

[2] The Court denies the parties' various requests for judicial notice.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

and omissions policies to California real estate professionals," and Underwriters would "issue a reinsurance policy to REPICO as the reassured." Id. ¶¶ 15, 46, 52. Pursuant to the agreement, Gail would allegedly underwrite the insurance policies and Pyform was to defend any claims arising thereunder. Id. at ¶¶ 51-52. Plaintiffs contend that defendants did not form a risk retention group under the federal Liability Risk Retention Act, but instead appear to have established a captive insurance company on the island of Nevis. Id. ¶¶ 122, 124. Additionally, Gail and Pyform allegedly formed a Delaware corporation, PREA, to perform alleged risk management and loss control services for members of the risk retention group. Id. ¶¶ 6, 40-41, 45.

Defendants are alleged to have fraudulently issued hundreds of insurance policies under the REPICO program and collected premiums from the insureds pursuant to those policies. Id. ¶¶ 59, 67. According to Underwriters, the insurance policies falsely stated that Underwriters were the primary insurers under the policies. Id. Plaintiffs contend that these "acts were performed without plaintiffs' authorization or consent, to plaintiffs' great detriment." Id. ¶ 67.

Upon learning about the insurance policies, Underwriters allege that they sent "cease and desist" letters to defendants, but defendants nonetheless continued to conduct the fraudulent and illegal activities, including representing to putative insureds that the primary real estate errors and omissions policies were valid, and that Underwriters was providing coverage for these policies. Id. ¶ 125, 175-176. As recently as July 24, 2006, Underwriters assert that REPICO and Austin & Austin represented to third parties that Lloyd's was the insurer on the REPICO program or that Lloyd's was listed on the policies by mistake. Id. ¶¶ 126-129.

## II.    LEGAL STANDARDS

### A.    MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6)

A Fed. R. Civ. P. 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Fed. R. Civ. P. 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Fed. R. Evid. 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Fed. R. Civ. P. 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## B.   MOTION TO DISMISS PURSUANT TO FED. R. OF CIV. P. 9(b)

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "'grounded in fraud'" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim in which fraud is not a necessary element. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where plaintiff alleges both fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 Fed.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather, "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

## III.   DISCUSSION

### A.   UNDERWRITERS' MOTION TO DISMISS PYFROM'S FIRST AMENDED COUNTERCLAIM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

In his first amended counterclaims against Underwriters and Catlin, Pyfrom alleges that Underwriters entered into a reinsurance contract with REPICO. Pyfrom's First Am. Countercl. ¶ 14. According to Pyfrom, Barry Slater, a Catlin employee, and Collins, a reinsurer intermediary broker and/or reinsurer intermediary manager, spearheaded Underwriters' reinsurance agreement with REPICO. Id. ¶¶ 9, 14. Pyfrom alleges that Underwriters and Collins authorized REPICO, a Nevis domiciliary, to issue insurance policies to California consumers on their behalf. Id. ¶ 15. Pyfrom alleges that at the time, Underwriters and Collins were aware that REPICO was not authorized and/or qualified to issue insurance policies in California. Id. Pyfrom alleges that the reinsurance contract was executed in or about March 2006, but retroactively applied to policies issued in or about November 2005. Id. ¶ 16. Pyfrom alleges that PREA members were entitled to purchase the insurance policies from REPICO. Id. ¶ 7. According to Pyfrom, he contracted with PREA "to act as insurance defense counsel" for the putative insureds on the REPICO policies. Id. ¶¶ 4, 32.

According to Pyfrom, the insurance policies at issue falsely stated that Underwriters were the primary insurers; in fact, Underwriters were the reinsurers. Id. ¶ 17. Pyfrom alleges that by February 2006, Underwriters were aware of this practice. Id. Pyfrom alleges that when the fraudulent practice was publicly exposed, Underwriters, Slater, Collins, Catlin, and others, "halted the program[,] . . . by making false and misleading statements to the California insureds wherein, they intentionally hid their role in the program, absolutely disavowing having *any* knowledge" of the fraudulent scheme. Id. ¶ 19 (emphasis in original). Pyfrom alleges that Underwriters and their counsel also "defamed Pyfrom . . . and advised and inspired insureds" to file suit against him. Id.

By their instant motion, Underwriters seek to dismiss Pyfrom's first amended counterclaims in their entirety with prejudice pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6).

## 1.    CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

In his first counterclaim, Pyfrom alleges that Underwriters engaged in "unlawful, unfair, and fraudulent business practices" in violation of Cal. Bus. & Prof. Code §§ 17200 et seq., by "fostering the issuance of the Lloyds program," "without ensuring its lawfulness and propriety," and by failing to "exercise reasonable due care in conducting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

due diligence." Id. ¶¶ 117-118. Pyfrom alleges that this conduct "perpetrated a fraud on the insureds and defense counsel, Pyfrom, who would have benefitted from the proper issuance of the policies." Id. ¶ 118.

Underwriters contend that Pyfrom has not suffered "injury in fact," and therefore has no standing to sue under Cal. Bus. & Prof. Code §§ 17200 et seq. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 13-14. Underwriters argue that to the extent that Pyfrom is seeking relief on behalf of insureds on the sham policies, he must satisfy the requirements of Cal. Code Civ. P. § 382, which governs class action certification. Id. at 14 (citing Cal. Bus. & Prof. Code § 17203; Harris v. Investor's Bus. Daily, Inc., 138 Cal. App. 4th 28, 33 (2006)). Underwriters contend that Pyfrom cannot comply with Cal. Code of Civ. P. § 382. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 14. Finally, Underwriters argue that a claim under Cal. Bus. & Prof. Code § 17200's unlawful act prong must be predicated on the violation of another statute. Id. at 12 (citing Matoff v. Brinker Rest. Corp., 439 F. Supp. 2d 1035, 1038 (C.D. Cal. 2006)). Underwriters claim that Pyfrom fails to predicate his counterclaim on the violation of an independent, underlying statute. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 12.

After the passage of proposition 64, a private party may maintain an action under Cal. Bus. & Prof. Code §§ 17200 et seq., only if the party " has suffered injury in fact and has lost money or property as a result of such unfair competition." Cal. Bus. & Prof. Code § 17204. In the instant case, Pyfrom alleges that Underwriters' conduct damaged him "in his business and professionally, . . . including but not limited to disruption of his business, lost profits, lost good will and the substantial costs incurred in the performance of unpaid legal services as well as personal loss of emotional health and well being." Pyfrom's First Am. Countercl. ¶ 115. Thus, the Court concludes that Pyfrom has alleged injury in fact, and declines to grant Underwriters' motion to dismiss Pyfrom's first counterclaim on this ground.

As argued by Underwriters, to maintain a suit as a representative action, a plaintiff must comply with Cal. Code Civ. P. § 382. Cal. Bus. & Prof. Code §17203. California Code of Civil Procedure § 382 in turn provides that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | | Date | November 26, 2007 |
|---|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | | |

benefit of all." It is unclear whether Pyfrom is seeking relief on behalf of the putative insureds, and the Court doubts his ability to do so. However, in light of the Court's ruling herein, granting Underwriters' motion to dismiss Pyfrom's counterclaim for violation Cal. Bus. & Prof. Code §§ 17200 et seq., the Court declines to decide this issue at the present time.

California's unfair competition law prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200 et seq. It broadly proscribes unlawful business practices, prohibiting "'anything that can properly be called a business practice and that at the same time is forbidden by law.'" People v. McKale, 25 Cal. 3d 626, 632 (1979) (citing Barquis v. Merch. Collection Ass'n, 7 Cal. 3d 94, 113 (1972)). The law underlying the unlawful business act or practice claim need not create a private right of action. It appears that Pyfrom's first counterclaim is based on the alleged violation of the California Insurance Code. However, Pyfrom fails to identify the statute or statutes that Underwriters allegedly violated. Based thereon, the Court concludes that Pyfrom has failed to state a claim for violation of Cal. Bus. & Prof. Code §§ 17200 et seq.

Moreover, to the extent that Pyfrom's counterclaim under Cal. Bus. & Prof. Code §§ 17200 et seq. is based on an alleged unified course of fraudulent conduct, which it appears to be, Pyfrom must plead in accordance with Fed. R. Civ. P. 9(b). See Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097 (9th Cir. 2003). This requires that Pyfrom identify the "'who, what, when and where, and how'" of the representations underlying Pyfrom's contention that Underwriters deceived Pyfrom and/or California consumers. Id. at 1106 (internal quotation marks and citations omitted).

Based on the foregoing, the Court GRANTS Underwriters' motion to dismiss Pyfrom's first counterclaim under Cal. Bus. & Prof. Code §§ 17200 et seq. with leave to amend. Pyfrom must identify the statute or statutes on which his counterclaim under Cal. Bus. & Prof. Code §§ 17200 et seq. is predicated. Pyfrom must also plead, with particularity, the "who, what, when, where, and how of the misconduct" underlying his counterclaim. Id.

**2.    TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Pyfrom's counterclaim for tortious interference with prospective economic advantage is based on the following allegations: (1) Pyfrom contracted with PREA to serve as its exclusive defense counsel; (2) Gail represented to Pyfrom that PREA had in turn contracted with REPICO to provide all insurance litigation defense to REPICO's insureds; (3) pursuant to the PREA-Pyfrom agreement, Pyfrom was entitled to provide the insureds with a legal defense, and would be entitled to "12.5% of the net proceeds from the premiums derived from the sale of policies and defense fees"; (4) "[t]hese economic relationships contained a probable if not certain future economic benefit"; (5) Underwriters had knowledge of these economic relationships; (6) Underwriters' intentionally disrupted these relationships; and (7) as a result of Underwriters' conduct, Pyfrom has incurred damages.  Pyfrom's First Am. Countercl. ¶¶ 122-129.

Underwriters contend that Pyfrom does not sufficiently identify the economic interests with which Underwriters has allegedly interfered.  Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 15.  According to Underwriters, Pyfrom's interest in being exclusive defense counsel for the putative insureds, vis a vis his relationship with PREA and REPICO, does not present the probability of future economic benefit to Pyfrom.  Id. (citing Silicon Knights v. Crystal Dynamics, 983 F. Supp. 1303 (N.D. Cal. 1997)).  Underwriters argue that Pyfrom's probability of receiving compensation is uncertain, since his right to defend depends on the uncertain prospective filing of lawsuits against insureds.  Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 16.

Underwriters further argue that Pyfrom's allegations do not relate to "Underwriters' issuance of a reinsurance contract to REPICO."  Id.  Underwriters contend that the failure to exercise reasonable care in conducting due diligence does not create liability for tortious interference, because the claim requires intentional, not merely negligent misconduct.  Id. at 16.  Underwriters argue that Pyfrom fails to sufficiently specify the alleged harm to his potential client base.  Id. at 15-16.  Here, Pyfrom alleges that Underwriters harmed his relationships with the "real estate, mortgage and home industry."  Pyfrom's First. Am. Countercl. ¶ 127.  According to Underwriters, this generalized claim of harm fails to give notice of the claims being asserted against them.  Id. at 16 (citing Eldorado Stone LLC v. Renaissance Stone, Inc., 2005 U.S. Dist. LEXIS 45237 *12-13 (S.D. Cal. 2006)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Pyfrom responds that not only did Underwriters have knowledge of his "economic relationship with REPIC[O] through PREA," but they sought out this relationship. Pyfrom's Consolidated Opp'n at 20. Pyfrom contends that pursuant to his oral agreement with Underwriters, he was to serve as defense counsel for the insureds on the underlying policies. Id. Pyfrom further argues that he has sufficiently alleged the probability of economic benefit "since the program was a pre-paid legal program, with 12.5% of net premiums representing [his] compensation under the program." Id.

The elements of a claim for intentional interference with prospective economic advantage are as follows: "'(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant.'" Westside Ctr. Assocs. v. Safeway Stores 23, 42 Cal. App. 4th 507, 520 (1996) (citing Youst v. Longo, 43 Cal. 3d 64, 71 n.6 (1987)).

To the extent that Pyfrom's instant counterclaim is based on his prospective relationships with the "real estate, mortgage and home industry," Pyfrom fails to sufficiently identify the economic relationships that Underwriters allegedly harmed. To the extent that Pyfrom's counterclaim is predicated on harm to his relationships with specific insureds on the policies, the Court concludes that Pyfrom has sufficiently pled the existence of an "economic relationship." Id. Moreover, the Court concludes that Pyfrom has sufficiently pled Underwriters' knowledge of these economic relationships by alleging that Underwriters "sought out" Pyfrom and negotiated his role as defense counsel for the putative insureds on the underlying policies. Accordingly, to the extent the Pyfrom's second counterclaim is based on his prospective relationships with the "real estate, mortgage and home industry," the Court GRANTS Underwriters' motion to dismiss. However, to the extent that Pyfrom's counterclaim is predicated on harm to his relationships with specific insureds, the Court DENIES Underwriters' motion to dismiss Pyfrom's second counterclaim for tortious interference with prospective economic advantage.

## 3.    INTENTIONAL MISREPRESENTATION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Pyfrom's counterclaim for intentional misrepresentation is based on the following allegations: (1) Underwriters falsely represented to Pyfrom that they would provide lawful insurance policies, and ensure REPICO's compliance with California's regulatory scheme; (2) knowing that said representations were false or in reckless disregard to its truth; (3) with the intent to induce Pyfrom's reliance; (4) Pyfrom justifiably relied on these representations; and (5) suffered damages as a consequence. Pyfrom's First Am. Countercl. ¶¶ 130-139.

Underwriters argue that Pyfrom fails to sufficiently allege the contents of the misrepresentations, who made them, when they were made, or any reliance thereon. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 17-18. Underwriters further argue that Pyfrom fails to plead facts showing that Underwriters acted intentionally. Id. at 17.

The Court concludes that Pyfrom has failed to plead his third counterclaim with sufficient particularity. In his third counterclaim, Pyfrom alleges that Underwriters, expressly or impliedly, made the following representations: (1) that they were unaware that REPICO was a Nevis domiciliary; (2) that Underwriters were the primary insurers; (3) that Pyfrom would have the right to defend the putative insureds; and (4) that they would ensure the validity of the underlying policies. Pyfrom's First Am. Countercl. ¶¶ 131-135. Pyfrom fails to specify the precise nature of the misrepresentations, nor does he identify the alleged speaker, how the representations were communicated to him, when they were communicated to him, or where. Thus, the Court concludes that Pyfrom fails to plead with particularity, the "who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. U.S.A., 314 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks and citations omitted). Accordingly, the Court GRANTS Underwriters' motion to dismiss Pyfrom's counterclaim for intentional misrepresentation with leave to amend.

## 4.    NEGLIGENT MISREPRESENTATION

Pyfrom's counterclaim for negligent misrepresentation is based on allegations that Underwriters "made oral representations that they would enter into a valid contract with REPIC/Gail and/or acquiesced and ratified the promotion and issuance of Lloyds policies such that Pyfrom, Gail and others relied on them." Pyfrom's First Am. Countercl. ¶ 141.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Underwriters contend that this allegation not only fails to sufficiently identify the nature of the representation, but it fails to establish whether a representation was even made. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 18-19. Underwriters further argue that Pyfrom fails to allege who made the alleged misrepresentation and to whom. Id. at 18.

As stated above, the Court concludes that Pyfrom fails to sufficiently identify the contents of the alleged misrepresentations, who made the misrepresentations, when, where or how. Accordingly, the Court GRANTS Underwriters' motion to dismiss Pyfrom's negligent misrepresentation counterclaim with leave to amend.

### 5.    NEGLIGENCE

Pyfrom's negligence counterclaim is based on allegations that Underwriters breached the duty of care owed to him by: (1) failing to conduct due diligence; (2) accepting compensation for their wrongful misconduct; (3) "[o]btaining confidential information, client information and novel ideas from Pyfrom for use to their own benefit, to the detriment of Pyfrom"; (4) "making false and misleading statements to Pyfrom to induce him to perform and divulge . . . information regarding" his "Two Tier approach" to insurance litigation defense; and (5) failing to comply with applicable insurance statutes and regulations. Pyfrom's First Am. Countercl. ¶¶ 127, 150(a)-(e).

Underwriters contend that Pyfrom's negligence counterclaim fails to allege that Underwriters owed any duty to Pyfrom. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 19. Underwriters further argue that under Glenn K. Jackson, Inc. v. Roe, 273 F.3d 1192, 1996 (9th Cir. 2001), a defendant is liable to a third party with whom the defendant is not in privity of contract, only where "the harm to the complaining party is 'clearly foreseeable.'" Underwriters' Mot. To Dismiss Pyfrom's First Am. Countercl. at 20. Underwriters contend that here, it was not foreseeable that "Pyfrom would be harmed by Underwriters' issuance of a reinsurance contract to REPICO." Id.

Pyfrom responds the parties' oral agreement gave rise to a duty of care.    Pyfrom's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Consolidated Opp'n at 22. Pyfrom contends that because Underwriters acted in bad faith, the doctrine of equitable estoppel operates to prevent Underwriters from claiming lack of privity. Id. at 3.

Underwriters argue that "coverage under an insurance policy cannot be created by estoppel." Underwriters' Reply to Pyfrom's Consolidated Opp'n at 12 (citing Manneck v. Lawyers Title Ins. Corp., 28 Cal. App. 4th 1294, 1303 (1994)).

The Court concludes that the facts pled do not indicate that Underwriters owed Pyfrom a duty of care. However, it appears that Pyfrom will be able to amend his counterclaim to allege such facts, such as by adding allegations related to parties' alleged oral agreement. Accordingly, the Court GRANTS Underwriters' motion to dismiss Pyfrom's negligence counterclaim with leave to amend.

### 6.  NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

"[The] *negligent* causing of emotional distress is not an independent tort but the tort of *negligence*." Marlene F. v. Affiliated Psychiatric Med. Clinic, 48 Cal. 3d 583, 588 (1989) (emphasis in original) (citing 6 B.E. Witkin, Summary of Cal. Law Torts § 838 (9th ed. 1988)). Thus, "[t]he traditional elements of duty, breach of duty, causation, and damages apply." Marlene F., 48 Cal. 3d at 588 (citing Slaughter v. Legal Process & Courier Serv., 162 Cal. App. 3d 1236, 1249 (1984)). "California law allows recovery where there is neither impact nor physical injury." 5 B.E. Witkin, Summary of Cal. Law Torts § 1005 (citing Molien v. Kaiser Found. Hosps., 27 Cal. 3d 916, 922 (1980)). However, this is in rare circumstances such as where there is a "threshold showing of some preexisting relationship or intentional tort." Cooper v. Super. Ct., 153 Cal. App. 3d 1008, 1012 (1984). Thus, as a general rule, "a breach of . . . duty must threaten physical injury, not simply damage to property or financial interests." Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993).

Underwriters contend that under Potter,

unless the defendant has assumed a duty to plaintiff in which the emotional condition of the plaintiff is an object, recovery is available only if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

> emotional distress arises out of the defendant's breach of some other legal
> duty and the emotional distress is proximately caused by that breach of duty.

Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 21 (citing <u>Potter</u>, 6 Cal. 4th at 984). Underwriters argue that Pyfrom cannot allege that Underwriters owed him the necessary duty of care. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 21.

Pyfrom responds that the parties' oral agreement gave rise to the necessary duty of care. Pyfrom's Consolidated Opp'n at 22. Pyfrom contends that Underwriters' breached the duty of care by making defamatory statements to Pyfrom's legal clients. <u>Id.</u>

The Court concludes that Pyfrom fails to sufficiently allege the existence of a relationship justifying his counterclaim for negligent infliction of emotional distress. Because Pyfrom has failed to plead that Underwriters owed him a duty of care, he has failed to state a valid counterclaim for negligent infliction of emotional distress. Based on the foregoing, the Court GRANTS Underwriters' motion to dismiss Pyfrom's negligent infliction of emotional distress claim with leave to amend.

## 7. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Underwriters contend that "knowledge . . . that Pyfrom and Gail had moved REPICO's venue to Nevis (which Underwriters has never denied)" does not amount to outrageous conduct sufficient to support a counterclaim for intentional infliction of emotional distress. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 23. Underwriters argue that Pyfrom fails to allege that they acted with the intent to bring about severe emotional distress or with reckless disregard for the likelihood of causing Pyfrom severe distress. <u>Id.</u> Underwriters argue that Pyfrom's intentional infliction of emotional distress counterclaim cannot be based on Underwriters' July 20, 2006 letter advising putative insureds of the fraudulent policies at issue here, since the letter did not mention Pyfrom.[3] <u>Id.</u> at 23-24. According to Underwriters, any statements they might have made after July 20, 2006, to the recipients of the sham policies, are immune from

---

[3] Underwriters request that the Court take judicial notice of the July 20, 2006 letter. <u>Id.</u> at 24 (referring to Underwriters' Request for Judicial Notice, Ex. E).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|------------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

tort liability by the litigation privilege of Cal. Civ. Code § 47.  Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 23-24 (citing Oei v. N. Star Capital Acquisitions, LLC, 486 F. Supp. 2d 1089 (D. Cal. 2006)).

California Civil Code § 47(b) provides that a publication made in a "judicial proceeding" is privileged.  "[T]he privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action."  Silberg v. Anderson, 50 Cal. 3d 205, 212 (1990). "Although originally enacted with reference to defamation, the privilege is now held applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution."  Id. at 211 (citations omitted).  The privilege extends to "attorneys, judges, jurors, witnesses, and other court personnel."  Mattco Forge, Inc. v. Arthur Young & Co., 5 Cal. App. 4th 392, 402 (1992).

The privilege applies to pre-litigation communication, so long as the communication is made in "anticipation" of litigation.  Edwards v. Centex Real Estate Corp., 53 Cal. App. 4th 15, 31 (1997); Lerette v. Dean Witter Org., Inc., 60 Cal. App. 3d 573, 577 (1976) (privilege applies to demand letter sent in anticipation of litigation); Aronson v. Kinsella, 58 Cal. App. 4th 254, 266, 271-72 (1997) (privilege applies to pre-litigation statements).  However, "a lawsuit or some other form of proceeding must actually be suggested or proposed, orally or in writing."  Edwards, at 35.  Without this requirement, "there is no unmistakably objective way to detect at what point on the continuum between the onset of a dispute and the filing of a lawsuit the threat of litigation has advanced from mere possibility or subjective anticipation to contemplated reality."  Id.

Based on the present record, it is unclear whether the communications underlying Pyfrom's counterclaim for intentional infliction of emotional distress are privileged.[4] Accordingly, the Court DENIES Underwriters' motion to dismiss Pyfrom's intentional infliction of emotional distress counterclaim.

---

[4] The Court notes that the July 20, 2006 letter attached to Underwriters' request for judicial notice, does not mention the instant action or any other lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | | Date | November 26, 2007 |
|----------|------------------------|---|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | | |

### 8.    CONSPIRACY

Pyfrom's counterclaim for conspiracy is based on allegations that Underwriters, Catlin, Collins, Gail and others conspired to knowingly and willfully issue the fraudulent insurance policies at issue in the instant action.  Pyfrom's First Am. Countercl. ¶¶ 165-172.

Underwriters argue that Pyfrom fails to plead a counterclaim for conspiracy because there is "'no separate and distinct tort cause of action for civil conspiracy.'"  Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 26 (citing <u>Entm't Research Group v. Genesis Creative Group</u>, 122 F.3d 1211, 1128 (1997)).  Underwriters further argue that to the extent that the alleged conspiracy is predicated upon Pyfrom's counterclaim for fraud, Pyfrom has failed to plead fraud with sufficient specificity as required by Fed. R. Civ. P. 9(b).  Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 26.

Pyfrom contends that his counterclaim for conspiracy is based on "the independent torts of fraud and misrepresentation."  Pyfrom's Consolidated Opp'n at 26.

While conspiracy need not be pled with particularity, here the alleged conspiracy is predicated upon counterclaims for fraud and misrepresentation, which must be repled in accordance with Fed. R. Civ. P. 9(b).  Thus, Pyfrom's conspiracy counterclaim must similarly comply with Fed. R. Civ. P. 9(b).  <u>Wasco Prods., Inc. v. Soutwall Techs., Inc.</u>, 435 F.3d 989, 990-91 (9th Cir. 2006).  Based on the Court's ruling herein that Pyfrom has failed to plead his counterclaims for fraud and/or misrepresentation with sufficient particularity, the Court GRANTS Underwriters' motion to dismiss Pyfrom's counterclaim for conspiracy with leave to amend.

### 9.    DEFAMATION

Under California law, the tort of defamation involves: (i) the intentional publication of a statement of fact that is (ii) false, (iii) unprivileged, and (iv) has a natural tendency to injure or which causes special damage.  Cal. Civ. Code §§ 45, 46; <u>see also</u> <u>Smith v. Maldonado</u>, 72 Cal. App. 4th 637, 645 (1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | | Date | November 26, 2007 |
|---|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | | |

Underwriters contend that Pyfrom "fails to identify the defamatory statements except in the broadest outline, and dos [sic] refer to the recipients, the timing, or the context in which they were made, sufficient to provide Underwriters with sufficient notice of the issues." Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 27 (citing Mukating v. Hesseltine, 2005 U.S. Dist. LEXIS 32924 (E.D. Cal. 2005)). Underwriters contend that Cal. Civ. Code § 47(b) absolutely privileges the July 20, 2006 letter they sent to putative insureds, as well as any statements made thereafter and in connection with the instant action. Underwriters' Mot. to Dismiss Pyfrom's First Am. Countercl. at 27.

Federal Rule of Civil Procedure 8(a)'s liberal pleading requirements apply to state law claims. Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 8:23 (The Rutter Group 2007). However, "the *manner* in which claims or defenses are raised is governed by the Federal Rules." Id. (emphasis in original). "Under California law, although a plaintiff need not plead the allegedly defamatory statement verbatim, the allegedly defamatory statement must be specifically identified, and the plaintiff must plead the substance of the statement." Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1215 (C. D. Cal. 2004) (citing Okun v. Super. Ct., 29 Cal.3d 442, 458 (1981) (citations omitted), cert. denied, 454 U.S. 1099 (1981)). Thus, "[w]hile the exact words or circumstances . . . need not be alleged to state a claim for defamation, the substance of the defamatory statement must be alleged." Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.Supp. 1303, 1314 (N.D. Cal. 1997). The Court concludes that Pyfrom has failed to sufficiently identify the allegedly defamatory statements at issue in his tenth counterclaim. Accordingly, the Court GRANTS Underwriters' motion to dismiss Pyfrom's counterclaim for defamation with leave to amend. In light of this ruling, the Court declines to address whether the allegedly defamatory statements are privileged under Cal. Civ. Code § 47(b).

## B.   COLLINS' MOTION TO DISMISS PYFROM'S THIRD-PARTY COMPLAINT

In his first amended third-party complaint against Collins, Pyfrom alleges that Collins was at all relevant times a reinsurance intermediary broker and reinsurance intermediary manager "retained and/or acting as an attorney in fact, agent or otherwise having authority to bind or act on behalf of [Underwriters] and/or Gail." Pyfrom's First

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Am. Third-Party Compl. ¶ 9. The gravamen of Pyfrom's third-party complaint against Collins is that Collins acted along with and on behalf of Underwriters in furtherance of the underlying fraudulent scheme.

Collins seeks to dismiss Pyfrom's third-party complaint in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## 1. NEGLIGENCE

Collins argues that as a reinsurer, it did not owe any duty of care to Pyfrom. Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 10. Collins further argues that Pyfrom fails to allege that there is an oral or written contract giving rise to any duty. Id. at 11. Collins contends that Pyfrom fails to establish a causal nexus between the breach of any duty of care, and Pyfrom's alleged damages. Id. (citing Berkeley v. Dowds, 152 Cal. App. 4th 518, 527 (2007) ("[W]here the pleaded facts of negligence and injury do not naturally give rise to an inference of causation the plaintiff must plead specific facts affording an inference that the one caused the others.")). According to Collins, any damages Pyfrom might have sustained were due to REPICO's inability to issue legitimate insurance policies in California, not due to Collins' alleged misconduct. Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 11. Collins contends that as a reinsurer, it did not have a duty to ensure that REPICO was qualified to issue insurance in California. Id.

Pyfrom responds that he had an "oral agreement and direct relationship with Underwriters and Collins whereby they agreed that Pyfrom would act as exclusive defense counsel on the program in exchange for their participation as reinsurer of [REPICO]." Pyfrom's Consolidated Opp'n at 1. Pyfrom contends that pursuant to Cal. Civ. Code §§ 1619-1621, by virtue of this oral agreement, Pyfrom was in privity of contract with Collins. Id. Pyfrom further argues that Underwriters and Collins' bad faith estops them from claiming lack of privity. Id. at 2-4. Pyfrom contends that Collins is Underwriters' agent with authority to bind Underwriters. Id. at 4-5. Pyfrom claims that the precise nature of Collins' relationship with Underwriters cannot be discovered until further discovery is conducted. Id. at 4.

The Court concludes that Pyfrom has failed to allege the existence of a relationship giving rise to a duty of care. He has not alleged the existence of any oral agreement, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

any other facts suggesting that Collins owed him a duty of care. Accordingly, the Court GRANTS Collins' motion to dismiss Pyfrom's negligence claim with leave to amend.

## 2.    TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

Collins argues that Pyfrom's claim for tortious interference with prospective economic advantage should be dismissed because Pyfrom fails to identify an independent wrongful act, the existence of an economic relationship between Pyfrom and REPICO or the probability of future economic benefit to Pyfrom. Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 13. Collins further argues that Pyfrom fails to allege that Collins knew of the economic relationship or that Collins disrupted said relationship. Id.

For the reasons stated above with regard to Underwriters motion to dismiss, the Court concludes that Pyfrom has properly stated a claim for tortious interference with prospective economic advantage. Accordingly, the Court DENIES Collins' motion to dismiss Pyfrom's tortious interference with prospective economic advantage claim.

## 3.    NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Pyfrom agrees to voluntarily dismiss his claims for negligent and intentional infliction of emotional distress against Collins. Pyfrom's Consolidated Opp'n at 22 n.8. Accordingly, the Court GRANTS Collins' motion to dismiss Pyfrom's claims for negligent and intentional infliction of emotional distress against Collins.

## 4.    EQUITABLE OR IMPLIED INDEMNITY

Collins contends that Pyfrom fails to allege a claim for equitable or implied indemnity. Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 16. According to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                     ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Collins there is no basis for joint tortfeasor liability as a matter of law.  Id.  Collins contends that because it is a reinsurer, the insureds suing Pyfrom in the related action have no claim against Collins.  Id.  Collins further argues that Pyfrom does not explain "why Collins, as an insurance intermediary, would have had any duty to ensure that REPICO was qualified to write primary [errors and omissions] policies in California." Id.  (citing Munoz v. Davis, 141 Cal. App. 3d 420, 425 (1983) ("There can be no indemnity without liability. In other words, unless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity.")).  Finally, Collins contends that Pyfrom does not have an implied right of indemnity because there is no contractual relationship between Collins and Pyfrom. Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 17.

Based on the present record, the Court cannot ascertain the parties' respective roles in the underlying insurance scheme.  Accordingly, the Court DENIES Collins' motion to dismiss Pyfrom's claim for equitable or implied indemnity.

## 5.  CONSPIRACY

Pyfrom's claim for conspiracy is based on allegations that Underwriters, Catlin, Collins, Gail and others conspired to illegally transact the business of insurance in California.  Pyfrom's First Am. Third-Party Compl. ¶ 167.

The Court concludes that Pyfrom fails to identify the unlawful conduct underlying the alleged conspiracy.  As stated above, "if the object of [a] conspiracy is fraudulent," a plaintiff's claim for conspiracy must comply with Fed. R. Civ. P. 9(b).  Wasco Prods., Inc. v. Southwall Techs., Inc., 435 F.3d 989, 990-91 (9th Cir. 2006).  To the extent that the conspiracy is predicated on fraud, Pyfrom fails to plead that claim with sufficient specificity.  To the extent that Pyfrom's conspiracy claim is based on the illegal transacting of business, Pyfrom has failed to properly plead a claim to that effect. Accordingly, the Court GRANTS Collins' motion to dismiss Pyfrom's conspiracy claim with leave to amend.

## 6.  FRAUD

Collins seeks to dismiss Pyfrom's claim for intentional misrepresentation for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|----------|----------------------|------|-------------------|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

failure to plead with specificity in accordance with Fed. R. Civ. P. 9(b).  Collins' Mot. to Dismiss Pyfrom's Third-Party Compl. at 19-20.

For the reasons stated above, the Court concludes that Pyfrom has not adequately pled his claim for fraud.  Therefore, the Court GRANTS' Collins' motion to dismiss Pyfrom's fraud claim with leave to amend.

## 7.    NEGLIGENT MISREPRESENTATION

Collins argues that Pyfrom fails to plead his claim for negligent misrepresentation in accordance with Fed. R. Civ. P. 9(b).  Id. at 19-20.

For the reasons stated above, the Court concludes that Pyfrom has failed to plead the circumstances surrounding his claim for fraud with sufficient particularity.  Accordingly, the Court GRANTS Collins' motion to dismiss Pyfrom's negligent misrepresentation claim with leave to amend.

## 8.    CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

Collins further seeks to dismiss Pyfrom's claim under Cal. Bus. & Prof. Code §§ 17200 et seq.  Id. at 22.  For the reasons stated above, the Court GRANTS Collins' motion to dismiss Pyfrom's claim under Cal. Bus. & Prof. Code §§ 17200 et seq. with leave to amend.

## C.    UNDERWRITERS' MOTION TO DISMISS AUSTIN & AUSTIN'S AMENDED COUNTERCLAIMS

Austin & Austin is a "California corporation and licensed as a property and casualty broker of insurance."  Austin & Austin's Answer to SAC & Am. Countercl. ¶ 6.  Austin & Austin alleges that many of its clients purchased REPICO's fraudulent errors and omissions insurance policies.  Id. ¶ 26.  Austin & Austin alleges that Underwriters

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

knew that REPICO was not authorized and/or qualified to issue insurance policies in the State of California. Id. ¶¶ 12-23. Austin & Austin alleges that despite this knowledge, Underwriters unlawfully agreed to issue insurance policies in the State of California through REPICO. Id. According to Austin & Austin, Underwriters conspired with Collins, Gail, PREA and REPICO to issue the fraudulent policies at issue here. Id. ¶ 24. Austin & Austin alleges that

> on or about May 12, 2006, UNDERWRITERS, by and through Peterson and COLLINS, knew that their agents, GAIL, PYFROM, PREA and REPICO, had issued approximately 210 errors & omissions policies to Austin & Austin's clients in furtherance of the conspiracy to illegally transact the business of insurance in California.

Id. ¶ 26.

According to Austin & Austin, after learning that the policies were invalid, it entered into an agreement with another insurer to replace the fraudulent policies. Id. ¶ 29. Austin & Austin alleges that Underwriters was aware of this agreement. Id. Austin & Austin claims that Underwriters was further aware that disavowing involvement with the underlying insurance policies, claiming that the policies were void, "or otherwise fail[ing] to identify their role as the reinsurers of the program with REPICO, GAIL and PREA," would "cause substantial harm and damages to the California consumers and AUSTIN & AUSTIN." Id. ¶ 30. Austin & Austin alleges that despite this knowledge, Underwriters, acting by and through their counsel and others, misrepresented to Austin & Austin's clients that Underwriters "had no relationship whatsoever to the program instituted by REPICO, PREA, GAIL and PYFROM in furtherance of the conspiracy with COLLINS and UNDERWRITERS," and otherwise interfered with Austin & Austin's prospective business. Id. ¶¶ 39-40.

### 1.   CONSPIRACY

Underwriters argue that Austin & Austin's counterclaim for conspiracy fails because there is "'no separate and distinct tort cause of action for civil conspiracy.'" Underwriters' Mot. to Dismiss Austin & Austin's Am. Countercl. at 9 (citing Entm't

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Research Group v. Genesis Creative Group, 122 F.3d 1211, 1128 (1997)).  Underwriters argue that to the extent that the alleged conspiracy is predicated upon Austin & Austin's fraud counterclaim, that counterclaim is not pled in accordance with Fed. R. Civ. P. 9(b).

Austin & Austin contends that its conspiracy counterclaim is based on allegations that "Underwriters, Collins and REPICO conspired and agreed to assist REPICO in illegally transacting insurance [business] in California."  Austin & Austin's Opp'n to Underwriters' Mot. to Dismiss at 6.  Austin & Austin claims that in furtherance of this conspiracy, REPICO issued fraudulent insurance policies "showing Underwriters as the primary insurer."  Id.

As stated above, in order to state a claim for conspiracy a plaintiff must successfully plead an underlying claim.  Here, Austin & Austin's conspiracy counterclaim is not predicated on another successfully pled counterclaim.  Accordingly, the Court GRANTS Underwriters' motion to dismiss Austin & Austin's counterclaim for conspiracy with leave to amend.

## 2.   INTENTIONAL AND NEGLIGENT MISREPRESENTATION

Underwriters argue that Austin & Austin fails to plead its counterclaims for intentional and negligent misrepresentation in accordance with Fed. R. Civ. P. 9(b).  Underwriters' Mot. to Dismiss Austin & Austin's Am. Countercl. at 10.

Austin & Austin argues that it has pled with sufficient particularity by alleging that between December 1, 2005 and May 8, 2006, "Underwriters, REPICO and Collins issued policies which identified Underwriters as the primary insurer with the intention of withholding the fact that REPICO was not authorized to transact insurance in California."  Austin & Austin's Opp'n to Underwriters' Mot. to Dismiss at 11.

The Court concludes that Austin & Austin has failed to plead sufficiently the circumstances constituting its counterclaims for intentional and negligent misrepresentation with sufficient specificity.  In accordance with Fed. R. Civ. P. 9(b), Austin & Austin must plead facts demonstrating that Underwriters knew about the alleged misrepresentations, and must identify who knew and when they knew.  Accordingly, the Court GRANTS Underwriters' motion to dismiss Austin & Austin's counterclaims for intentional and negligent misrepresentation with leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

### 3.    NEGLIGENCE

Underwriters contend that Austin & Austin's negligence counterclaim fails because Underwriters did not owe Austin & Austin any duty of care.  Underwriters' Mot. to Dismiss Austin & Austin's Am. Countercl. at 12.

Based on the record presently before it, the Court cannot ascertain the precise nature of the roles played by the parties in the underlying insurance scheme.  Therefore, it is not clear that Underwriters did not owe Austin & Austin a duty of care as alleged.  Accordingly, the Court DENIES Underwriters' motion to dismiss Austin & Austin's negligence counterclaim.

### 4.    INTENTIONAL AND NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONSHIP

Underwriters contend that to the extent that Austin & Austin's counterclaims for interference with economic relationship are predicated on the July 20, 2006 letters that Underwriters sent to the recipients of the underlying policies, Austin & Austin's counterclaim fails since those letters were sent to putative insureds, not Austin & Austin. Id. at 16-17.  Underwriters argue the letters only advise that "sham policies were issued without [Underwriters] authorization." Id. at 17.  Underwriters claim that the letters do not reference Austin & Austin or the reinsurance contract. Id.  Underwriters further argue that as reinsurers, they did not owe Austin & Austin any duty of care. Id. Underwriters contend that Austin & Austin fails to allege the existence of a contractual relationship. Id.  Underwriters further argue that Austin & Austin fails to allege facts supporting its contention that Underwriters intended to disrupt its contractual relationships, relying only upon unsupported legal conclusions. Id. at 18.  Finally, Underwriters contend that the letters fall within the litigation privilege of Cal. Civ. Code § 47(b). Id. at 19-23.

Austin & Austin responds that its counterclaims for intentional and negligent interference with economic relationship are based on the following allegations: "On or about June 16, 2006, Underwriters knew that Austin & Austin had entered into an agreement with another insurer to replace many of the Lloyd's policies; Underwriters also knew that denying knowledge of the policies "would cause substantial harm to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | | Date | November 26, 2007 |
|---|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | | |

Austin & Austin and interfere with the agreements"; and Underwriters knowingly interfered with the agreements by sending the July 20, 2006 letter. Austin & Austin's Opp'n to Underwriters' Mot. to Dismiss at 12 (citing Austin & Austin's Answer to SAC & Am. Countercl. ¶¶ 29, 35).

The Court concludes that Austin & Austin has sufficiently pled each element underlying its counterclaims for interference with economic relationship. Accordingly, the Court DENIES Underwriters' motion to dismiss Austin & Austin's counterclaims for intentional and negligent interference with economic relationship.

### 5.     TRADE LIBEL

Austin & Austin counterclaim for trade libel is based on allegations that from July 20, 2006 to the present, Underwriters by and through their counsel, made oral and written statements or caused such statements to be made, to the effect that the State of California charged Austin & Austin or was about to charge Austin & Austin for conspiring with Gail, PREA and REPICO to issue the fraudulent insurance policies at issue here. Austin & Austin's Answer to SAC & Am. Countercl. ¶ 92.

"Trade libel is defined as an intentional disparagement of the quality of property, which results in pecuniary damage to plaintiff." Erlich v. Etner, 224 Cal. App. 2d 69, 73 (1964). "The cause of action for trade libel thus requires: (1) a publication, (2) which induces others not to deal with plaintiff, and (3) special damages." Polygram Records, Inc. v. Super. Ct, 170 Cal. App. 3d 543, 548-49 (1985). "If the facts show (1) that the statement is in fact false, and (2) that the speaker knows or has reason to know that a third person will rely on it, liability without fault follows." In re Kasler, 611 F.2d 308, 311 (9th Cir. 1979). The Court concludes that Austin & Austin has sufficiently pled a counterclaim for trade libel. On the record before it, the Court cannot conclude that the July 20, 2006 letters are privileged pursuant to Cal. Civ. Code § 47. Underwriters' arguments are better addressed on a motion for summary judgment. Accordingly, the Court DENIES Underwriters' motion to dismiss Austin & Austin's counterclaim for trade libel.

### D.     COLLINS' MOTION TO DISMISS AUSTIN & AUSTIN'S AMENDED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

## COUNTERCLAIM

### 1.    FED. R. CIV. P. 12(b)(6)

Collins seeks to dismiss Austin & Austin's amended counterclaims in their entirety pursuant to Fed. R. Civ. P. 12(b)(6). Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 2. Collins argues it acted only as reinsurer for all purposes relevant to the instant action. Id. 4-6. Collins contends that a reinsurance contract is separate and distinct from the primary insurance contract. Id. at 4-5. Collins argues that accordingly, a reinsurance contract is not "illegal" simply because a primary insurance is allegedly "illegal." Id. at 5. Collins further argues that Austin & Austin's damages are "speculative and uncertain." Id. at 7. Collins claims as a reinsurer it could not have foreseen being subject to liability for an insurance broker's "loss of business or any other alleged damages" if REPICO "were not qualified to write primary insurance in California." Id. Collins claims that as a reinsurer, Collins "had no power to qualify REPICO." Id. Finally, Collins contends that any damages Austin & Austin may have suffered are caused by REPICO's inability to issue primary insurance policies in California, not due to Collins' actions. Id.

Austin & Austin argues that the instant action "has nothing to do with reinsurance, rather it concerns an unlawful conspiracy by Collins, Underwriters and REPICO to illegally transact business in California, thereby harming Austin & Austin." Austin & Austin's Opp'n to Collins' Mot. to Dismiss at 1. Austin & Austin argues that Collins is liable "directly for its own tortious conduct and vicariously for REPICO's torts." Id.

### A.    NEGLIGENCE

Collins claims that it did not owe Austin & Austin any duty of care. Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 7. Collins contends Austin & Austin also fails to sufficiently plead that Collins caused Austin & Austin any injury. Id. at 9. According to Collins, "[a]ny of Austin's alleged damages were caused because REPICO was not qualified to transact insurance business." Id. Finally, Collins contends that Austin & Austin's damages are "speculative and unforeseeable." Id.

Based on the present record, the Court cannot determine the parties' respective

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

roles in the underlying insurance scheme. Thus, the Court cannot conclude that Collins did not owe Austin & Austin a duty of care as alleged. Accordingly, the Court DENIES Collins' motion to dismiss Austin & Austin's negligence claim.

## B.    EQUITABLE INDEMNITY

Collins claims that because it is not liable to the insureds on the insurance policies underlying the instant action, it could not have "caused the same 'indivisible injury' to the policyholder" as Austin & Austin. Id. at 11. Collins further argues that Austin & Austin fails to allege "why Collins, as a reinsurance broker, would have had any duty to ensure that REPCIO was qualified to write primary [errors and omissions] policies in California." Id. Finally, Collins claims that an implied right of indemnity does not arise because Austin & Austin fails to allege the existence of a contractual relationship on which that right is predicated. Id.

As stated above, the Court cannot determine the parties' respective roles in the underlying insurance scheme. Accordingly, the Court DENIES Collins' motion to dismiss Austin & Austin's counterclaim for indemnity.

## C.    CONSPIRACY

Collins argues that Austin & Austin's civil conspiracy counterclaim fails because "Collins was not transacting insurance business in California, rather, it was engaged in the reinsurance transaction." Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 13. Collins contends that Austin & Austin concedes the same by alleging that Collins "'is licensed as a reinsurance intermediary broker and reinsurance intermediary manager by the California Department of Insurance.'" Id. (citing Austin & Austin's Answer to SAC & Am. Countercl. ¶ 5). Collins further argues that Austin & Austin fails to allege that Collins knew that any other defendant was committing a wrongful act, or that Collins agreed to participate in the commission of a wrongful act. Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 13.

Austin & Austin argues that its conspiracy charge is based on allegations that Collins conspired and agreed to assist REPICO in the issuance of the fraudulent policies at issue here, and that REPICO issued said policies. Austin & Austin's Opp'n to Collins'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

Mot. to Dismiss at 5.

The Court concludes that Austin & Austin has failed to plead a counterclaim for conspiracy, because it is not based on a properly pled underlying counterclaim. To the extent that Austin & Austin's counterclaim for conspiracy is predicated on alleged violations of the California Insurance Code or other statutes, not only does Austin & Austin fail to specify said statute and/or statutes in its amended counterclaims, but those laws do not appear to create a private right of action. Accordingly, the Court GRANTS Collins' motion to dismiss Austin & Austin's counterclaim for conspiracy with leave to amend.

### D.   INTENTIONAL & NEGLIGENT MISREPRESENTATION

Collins argues that Austin & Austin fails to plead its counterclaims for intentional and negligent misrepresentation with specificity in accordance with Fed. R. Civ. P. 9(b). Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 13, 15-16.

Austin & Austin contends that it has pled in accordance with Fed. R. Civ. P. 9(b) by alleging that between December 1, 2005 and May 8, 2006, "Underwriters, REPICO and Collins issued policies which identified Underwriters as the primary insurer with the intention of withholding the fact that REPICO was not authorized to transact insurance in California." Austin & Austin's Opp'n to Collins' Mot. to Dismiss at 10.

The Court concludes that Austin & Austin fails to plead its counterclaims for intentional and negligent misrepresentation in accordance with Fed. R. Civ. P. 9(b). Austin & Austin must identify the contents of the alleged misrepresentation, who made the representation, when the representation was made, where it was made, and how it was made. Accordingly, the Court GRANTS Collins' motion to dismiss Austin & Austin's counterclaims for intentional and negligent misrepresentation with leave to amend.

### 2.   FED. R. CIV. P. 12(f)

In the alternative, Collins moves to strike Austin & Austin's counterclaims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

pursuant to Fed. R. Civ. P. 12(f).  Collins' Mot. to Dismiss Austin & Austin's Am. Countercl. at 16.  Collins contends that Austin & Austin improperly filed the instant counterclaims against Collins since "Collins is not a party to this action, and has not asserted claims against [Austin & Austin]."  Id.  Collins contends that instead, Austin & Austin should "serve Collins with a summons and third-party complaint."  Id. (citing Fed. R. Civ. P. 14(a)).

Austin & Austin responds that under Fed. R. Civ. P. 13(h), "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of [Federal] Rules [of Civil Procedure] 19 and 20."  Austin & Austin's Opp'n to Collin's Mot. to Dismiss at 4 (citing Baltimore v. Ohio R.R. Co. v. Cent. Ry. Svcs., Inc., 636 F. Supp. 782, 785-87 (E.D. Pa. 1986) (finding that even though maintenance service companies' third-party complaint failed to comply with Fed. R. Civ. P. 14, because the it was not based on plaintiff's claim against the defendant, the third-party defendant railroad employees could be joined under Fed. R. Civ. P. 13(h), 19 and 20)).  Austin & Austin contends that it properly joined Collins as a "party to its counter-claim against Underwriters pursuant to [Fed. R. Civ. P.] 13(h) and 19."  Austin & Austin's Opp'n to Collin's Mot. to Dismiss at 4.

The Court concludes that Austin & Austin is appropriately joined on the counterclaims under Fed. R. Civ. P. 13(h) and 19.  Accordingly, the Court DENIES Collins' motion to strike Austin & Austin's counterclaims, and deems Austin & Austin's "counterclaim" a crossclaim.

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Underwriters' motion to dismiss Pyfrom's counterclaims for violation of Cal. Bus. & Prof. Code §§ 17200 et seq., tortious interference with prospective economic advantage to the extent that the counterclaim is predicated on harm to Pyfrom's relationships with the real estate, mortgage and/or home industry, intentional misrepresentation, negligent misrepresentation, negligence, negligent infliction of emotional distress, conspiracy, and defamation with leave to amend.  However, the Court DENIES Underwriters' motion to dismiss Pyfrom's counterclaims for tortious interference with prospective economic advantage to the extent that it is predicated on harm to specific insureds on the underlying policies and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    ○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-4783 CAS (JWJx) | Date | November 26, 2007 |
|---|---|---|---|
| Title | CERTAIN UNDERWRITERS AT LLOYD'S, LONDON v. REAL ESTATE PROFESSIONALS INSURANCE COMPANY, ET AL. | | |

intentional infliction of emotional distress.

The Court also GRANTS Underwriters' motion to dismiss Austin & Austin's counterclaims for conspiracy, and intentional and negligent infliction of emotional distress with leave to amend. However, the Court DENIES Underwriters' motion to dismiss Austin & Austin's counterclaims for negligence, intentional and negligent interference with economic relationship, and trade libel.

The Court further GRANTS Collins' motion to dismiss Pyfrom's claims for negligence, negligent and intentional infliction of emotional distress, conspiracy, fraud, and for violation of Cal. Bus. & Prof. Code §§ 17200 et seq. However, the Court DENIES Collins' motion to dismiss Pyfrom's claims for tortious interference with prospective economic advantage and indemnity.

The Court GRANTS Collins' motion to dismiss Austin & Austin's claims for conspiracy, and intentional and negligent misrepresentation. The Court DENIES Collins' motion to dismiss Austin & Austin's claims for negligence and equitable indemnity. The Court further DENIES Collins' motion to strike Austin & Austin's counterclaims, and instead deems Austin & Austin's "counterclaim" a crossclaim.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |